UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| MICHAEL T. GIBBS, JR. | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No.   3:13-cv-64-TAV-HBG |
| | ) | |
| TONY HOWERTON, Warden | ) | |
| | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Michael T. Gibbs, Jr. ("petitioner"). Petitioner is in the custody of the Tennessee Department of Correction and incarcerated in the Northeast Correctional Complex. The matter is before the Court on the motion to dismiss filed by the Attorney General for the State of Tennessee and plaintiff's response thereto. For the following reasons, the motion to dismiss [Doc. 14] will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE**.

As the Court previously noted, although the habeas petition is lengthy, disjointed, repetitive, and quite often confusing, in its essence the petition primarily concerns an alleged clerical error in the computation of petitioner's release date after the revocation of his parole from state criminal charges and petitioner's claim that he continues to be imprisoned after the expiration of his sentence. The Court ordered the Attorney General of the State of Tennessee to inform the Court the status of petitioner's incarceration, and to specifically address

petitioner's claims of clerical error and continued imprisonment after the expiration of his release date. In response to that Order, the Attorney General moves to dismiss the habeas petition for failure to exhaust state remedies.

Petitioner filed this action on February 4, 2013. [Doc. 2, Petition for Writ of Habeas Corpus]. As shown by the documents attached to the motion to dismiss [Doc. 14, Motion to Dismiss, Attachments], petitioner's sentence expires on December 9, 2014, according to the records of the Tennessee Department of Correction. [*Id.*, Exhibit A, Tennessee Felony Offender Information Lookup].

Petitioner filed a habeas corpus petition in the Criminal Court of Hamilton County, Tennessee, alleging claims of clerical error and imprisonment after his release date, which was denied, and petitioner appealed the state court decision. [*Id.*, Exhibit B, Order of Hamilton County Criminal Court entered February 6, 2013; Petitioner's Brief on Appeal to the Tennessee Court of Criminal Appeals filed June 3, 2013]. That appeal was thus pending at the time plaintiff filed this action.

Petitioner had previously filed a habeas corpus petition in the Criminal Court of Morgan County, Tennessee, alleging the same claims. [*Id.*, Exhibit D, Order of Morgan County Criminal Court entered November 29, 2012; Petitioner's Brief on Appeal to the Tennessee Court of Criminal Appeals filed January 16, 2013]. That appeal was also pending at the time petitioner filed this action. [*Id.*, Exhibit E, State's Brief on Appeal dated April 9, 2013].

2

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971).

Based upon the foregoing, it is clear that petitioner's proceedings in the state court were still pending at the time he filed this action and therefore he failed to exhaust his state remedies before filing this action; the motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE